UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN HICKS,

    Petitioner,

v.

GREGORY SKIPPER,

    Respondent.

Case No. 19-cv-12206
Honorable Laurie J. Michelson

## ORDER DISMISSING HABEAS PETITION WITHOUT PREJUDICE

Kevin Hicks is presently incarcerated after being convicted of armed robbery and carjacking. He has filed a *pro se* habeas corpus petition in which he alleges that the state trial court set an excessive amount of bail. Hicks also appears to allege that there was insufficient evidence to support his convictions. Hicks does not appear to have raised these claims in the Michigan Court of Appeals, and his criminal case is still pending in the Michigan Supreme Court. Accordingly, the Court will dismiss the petition as premature and for failure to exhaust state remedies.

**I.**

Following a bench trial in Wayne County Circuit Court, Hicks was convicted of carjacking, Mich. Comp. Laws § 750.529a, and two counts of armed robbery, Mich. Comp. Laws § 750.529. (ECF No. 1, PageID.1–2.) The trial court sentenced Hicks to thirty to forty-five years in prison. (ECF No. 1, PageID.1.)

Hicks appealed the convictions and sentence. Although he maintains that he raised a sufficiency-of-the-evidence claim to the Michigan Court of Appeals and the Michigan Supreme Court (ECF No. 1, PageID.2–3), the Michigan Court of Appeals' decision indicates that Hicks only raised arguments about his trial attorney and his sentence. In his direct appeal, Hicks alleged

that: (1) trial counsel was ineffective for failing to (a) object to the admission of a statement Hicks made to the police, (b) move to strike a faulty lineup and the victim's in-court identification of him, and (c) call various witnesses to testify on his behalf; (2) his waiver of a jury trial was inadequate; (3) he received ineffective assistance of counsel at sentencing when defense counsel did not object to Hicks being sentenced as a fourth-offense habitual offender; and (4) his sentences were unreasonable. The Michigan Court of Appeals rejected these claims and affirmed Hicks's convictions and sentence. *See People v. Hicks*, No. 336702, 2018 WL 6422099 (Mich. Ct. App. Dec. 6, 2018). Hicks applied for leave to appeal in the Michigan Supreme Court which remains pending. *See People v. Hicks*, No. 336702, 2018 WL 6422099 (Mich. Ct. App. Dec. 6, 2018), *appeal docketed*, No. 159020 (Mich. Jan. 24, 2019).

Hicks filed his habeas corpus petition in this Court on July 26, 2019. He alleges in ground one that it was cruel and unusual punishment under the Eighth Amendment for the state trial court to set bond at $100,000, knowing that Hicks could not afford to pay that amount. (ECF No. 1, PageID.5.) In the space allotted for ground two, Hicks wrote "none" (ECF No. 1, PageID.7), and for ground three Hicks wrote: "Due process protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." (ECF No. 1, PageID.8.)

## II.

The exhaustion doctrine requires state prisoners to present their claims to the state courts before raising them in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for

discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. at 845, 847. Thus, to be properly exhausted, each habeas claim must have been fairly presented to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). Federal district courts ordinarily must dismiss a habeas petition containing any unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982).

Hicks admits that he did not raise his first habeas claim on appeal from his convictions, and although he contends that he raised the issue in a post-conviction motion, he states that there has been no decision on his motion. (ECF No. 1, PageID.5–6, 12.) As for his only other claim, insufficient evidence, Hicks states that he did not raise that issue on appeal or in a post-conviction motion. (ECF No. 1, PageID.8–9.) In addition, as pointed out above, Hicks's direct appeal remains pending in the Michigan Supreme Court.

The Court concludes that Hicks has not exhausted state remedies for the two claims that he has presented to this Court in his habeas corpus petition. Furthermore, because Hicks's criminal case is pending in the Michigan Supreme Court, it does not appear that the AEDPA statute of limitations has begun to run. The limitation period ordinarily runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

> For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final . . . when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Because Hicks's convictions have not yet become final, the statute of limitations is not a concern here, and there is no reason to hold Hicks's habeas

3

petition in abeyance. Accordingly, the Court summarily dismisses the petition as premature and for failure to exhaust state remedies. This dismissal is without prejudice.

SO ORDERED.

Dated: October 24, 2019

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 24, 2019.

s/Erica Karhoff
Case Manager to
Honorable Laurie J. Michelson